**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

HADDEN J. CLARK, #233181                    *

              Plaintiff                    *

    v.                    *                    Civil Action No. L-12-440

WARDEN                    *

           Defendant                    *
                          ***

## MEMORANDUM

Pending is Defendant's Response to Show Cause which was docketed by counsel as a Motion to Dismiss or for Summary Judgment. ECF No. 5. Plaintiff filed a response to the motion. ECF No. 7. No hearing is necessary. See Local Rule 105.6 (D. Md. 2011).

### Background

Plaintiff alleges a known enemy, Danny Collins ("Collins"), was put into his cell with him despite his protests that the two men had a history wherein Collins threatened to kill Plaintiff. Plaintiff claims that Collins stated, prior to being moved into the cell, that if he was moved into Plaintiff's cell "this time" he would kill him. Plaintiff further claimed that when Collins was moved into his cell he began stealing his property, making demands and trying to extort money from Plaintiff. Plaintiff maintains he established Collins was his enemy in 2007 after he was attacked by Collins and again in 2011, but staff at the prison where he is currently confined, Western Correctional Institution (WCI), state that Collins is not on Plaintiff's enemy list. As relief, Plaintiff requests to be moved to "a safe and healthy environment."[1] ECF No. 1.

---

[1] To the extent Plaintiff seeks only a change in cell assignment, his claim is moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States v. Hardy, 545 F. 3d 280, 283 (4th Cir. 2008) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). When a

In the Response to Show Cause, Defendant states that Plaintiff claimed in the past that Daniel Collins was his enemy, but his claims were investigated and could not be verified. ECF No. 5 at Ex. 1, ¶ 4. Lieutenant Likin, assigned to investigate Plaintiff's claims, also states that Plaintiff was never given permanent single cell status. Rather, Plaintiff was simply assigned to the single cell status he referenced in an administrative remedy complaint, but there was no indication it was permanent. Likin further states that prior to February 6, 2012, there was nothing documenting or supporting Plaintiff's claim that Collins was his enemy. The necessity of the existence of objective evidence to support of an enemy claim is rooted in the fact that many prisoners attempt to manipulate cell assignments by making unfounded claims. Id.

Likin reports that Plaintiff and Collins were moved into the same cell on February 2, 2012, and Plaintiff voiced no complaints at that time. No incidents occurred during the move, but four days later Plaintiff and Collins were seen exchanging blows with closed fists. As a result, the men were placed in separate cells and issued a Notice of Inmate Rule Violation. Both men suffered injury as a result of the fight. Collins is not listed as Plaintiff's enemy and the two are no longer housed in the same cell. ECF No. 5 at Ex. 1, ¶ 5. Likin concludes that, "[c]onsidering [Plaintiff's] history of attempting to manipulate the DPSCS,[2] there is the question whether this altercation was a staged event." Id. Likin does not expound upon Plaintiff's history, nor are there records attached to the Response supporting the allegation.

---

case is moot, this Court is not permitted to review the claim. "The inability of the federal judiciary to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (quoting DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)). Plaintiff, however, indicates in his Response in Opposition that he seeks monetary damages, thus a review on the merits is warranted. ECF No. 7.

[2] Department of Public Safety and Correctional Services.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to. . .the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**Analysis**

In order to prevail on an Eighth Amendment claim of failure to protect from violence, Plaintiff must establish that Defendants exhibited deliberate or callous indifference to a specific

known risk of harm.  Pressly v. Hutto, 816 F. 2d 977, 979 (4th Cir. 1987).  "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency.  Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."  Farmer v. Brennan, 511 U.S. 825, 833−34 (1994) (citations omitted).  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  See also Rich v. Bruce, 129 F.3d 336, 339−40 (4th Cir. 1997).

In his Response, Plaintiff appears to either misunderstand statements made to him regarding his cell assignment and the response to his complaint about Collins, or he is deliberately misstating the evidence.  ECF No. 7.  For example, Plaintiff states that the Commissioner of Corrections, Jon Galley, told him that he would let case management know that Collins is Plaintiff's enemy.  Id. at p. 7.  The January 31, 2011 letter referenced by Plaintiff is included with his Response and states as follows:

> Your concern regarding inmate Danny Collins has been forwarded to Warden Morgan and Mr. Tichnell for action *if needed*.  It is the mission of the Maryland Division of Correction to keep all offenders in its care safe.

Id. at p. 15 (emphasis supplied).  Nothing in the letter indicates that Collins was a verified enemy of Plaintiff, or that any particular action would be taken.  Rather, the letter indicates an investigation into the claim would take place.  When that investigation turned up no evidence of a previous issue between Collins and Plaintiff, the two men were placed in a cell together.  Given

the precautions taken prior to placing Collins in a cell with Plaintiff, there is no evidence that the officials involved were aware of a substantial risk of serious harm.  To the extent Plaintiff seeks monetary damages in his Response in Opposition, his claim is not moot, but he has failed to establish entitlement to judgment in his favor.     The undisputed evidence indicates that precautions were taken and, despite those measures, a mutual assault took place.  Prison officials are not charged with the responsibility of anticipating and eliminating all sources of violence in the prison setting.  "It is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834.  Absent a "sufficiently culpable state of mind" with regard to the risk of harm, there is no basis for constitutional liability.  Id.

Defendant is entitled to summary judgment in his favor which shall be granted in a separate Order which follows.

April 27, 2012                                        /s/
                                        _____
                                        Benson Everett Legg
                                        United States District Judge

5